*In re* MOSLEY'S ESTATE.

CLAIM OF GREENBERG.

1. EXECUTORS AND ADMINISTRATORS—RESIDUARY LEGATEES—BONDS.
   Under will in which he was named residuary legatee, nominee for
   executor had a right to give a residuary legatee's bond condi-
   tioned to pay the debts and legacies of the testator, instead
   of bond prescribed for executor (3 Comp. Laws 1929, § 15568).

2. SAME—COMPOUNDING OF DEBTS.
   Under the statute, an executor, with the approbation of the judge
   of probate, may compound with any debtor who is unable to
   pay all his debts and give him a discharge upon receiving a
   fair and just dividend (3 Comp. Laws 1929, § 15663).

3. SAME—CLAIMS AGAINST ESTATES—BURDEN OF PROOF.
   The burden of proof is upon an administrator *de bonis non* with
   will annexed of vendor's estate to establish claim against es-
   tate of assignee of purchaser's interest of right to recover
   balance of amount due under land contract which was not
   exacted upon execution of deed by plaintiff's predecessor, the
   executor who was also residuary legatee under the will.

4. SAME—EXECUTION OF DEEDS PURSUANT TO LAND CONTRACT.
   An executor may make deed pursuant to terms of testatrix's
   land contract without any order of the probate court if the
   amount due upon the contract has been paid (3 Comp. Laws
   1929, § 15673).

5. EVIDENCE—PRESUMPTIONS—EXECUTOR'S EXECUTION OF DEED PUR-
   SUANT TO LAND CONTRACT.
   An executor who executed a deed pursuant to his testatrix's land
   contract is presumed to have performed his duty in requiring
   payment of full amount of money due upon the contract before
   such execution (3 Comp. Laws 1929, § 15673).

6. Estoppel—Witnesses—Matters Equally Within Knowledge of Deceased.

    Executor of estate of deceased land contract vendor who was also residuary legatee under vendor's will could not contradict recitals of deed made, executed, acknowledged and delivered to assignee of purchasers that nothing more was due under such land contract particularly when attempted in violation of statute excluding testimony as to matters equally within knowledge of deceased assignee, since to do so would permit him to impair title conveyed and contradict terms of written instrument which he executed (3 Comp. Laws 1929, §§ 14219, 15673).

7. Executors and Administrators—Deeds Given Pursuant to Land Contract by Executor—Residuary Legatee.

    Administrator *de bonis non* with will annexed of deceased vendor under land contract *held*, not entitled to recover claimed balance due thereunder from estate of purchasers' assignee where executor who was also residuary legatee under vendor's will had given deed to assignee reciting no balance was due on land contract, in view of lack of competent evidence to overturn deed given (3 Comp. Laws 1929, § 15673).

Appeal from Wayne; Moynihan (Joseph A.), J. Submitted April 19, 1938. (Docket No. 65, Calendar No. 39,753.) Decided June 6, 1938. Rehearing denied October 3, 1938. Reconsideration denied November 10, 1938.

In the matter of the estate of Willie Douglas Mosley, deceased. Samuel Greenberg, administrator *de bonis non,* with will annexed, of estate of Celia Greenberg, filed his claim for money claimed to be due on land contract. Claim denied by commissioners on claims. Plaintiff appealed to circuit court. Judgment for defendant. Plaintiff appeals. Affirmed.

*Edmund M. Sloman,* for plaintiff.

*Lindsay E. Johnson* (*Casper C. Cutler,* of counsel), for defendant.

Potter, J. Willie Douglas Mosley is dead. Charles H. Mosley has been appointed administrator of his

estate. Such estate is in process of settlement in the probate court of Wayne county. Willie Douglas Mosley in his lifetime was the assignee of a vendee's interest in a land contract covering lands in Wayne county and later received a deed of the premises, which deed recites it was made in pursuance of the land contract and that at the date of the deed "there is at this date unpaid on said contract nothing dollars."

The land contract was made October 15, 1924, by Celia Greenberg, as vendor, and Elmer N. Winborn and Louise E. Winborn, his wife, as vendees. Winborn and wife assigned the vendee interest to Mosley February 12, 1931.

David L. Spickler was the son of Celia Greenberg, residuary legatee of her will, and, upon the probate of her will, was appointed executor and acted as such until he resigned in 1935. Whereupon Samuel Greenberg was appointed executor of the estate of Celia Greenberg in the place and stead of David L. Spickler.

While Spickler was executor of the estate of Celia Greenberg he gave to Mosley the deed in question. It is claimed Spickler discounted the amount due on the land contract and gave the deed to Mosley without collecting the full amount due upon the contract and that to the extent of the amount of such discount Willie Douglas Mosley's deed was received without consideration, and to recover the amount claimed to be due from Mosley and not collected by Spickler, the executor of the estate of Celia Greenberg presented a claim against the estate of Willie Douglas Mosley. This claim was heard before commissioners on claims appointed by the probate court and disallowed, an appeal taken to the circuit court where it was again disallowed, and claimant appeals.

It is apparent that if Spickler discounted the contract in question and received the money thereon, which he did receive, and the estate of Celia Greenberg prevails in this case and recovers an additional amount from the estate of Mosley, Spickler, residuary legatee, will be the recipient of that benefit. Spickler was called to testify, but his testimony was objected to as being equally within the knowledge of the deceased. Charles H. Mosley was called to testify in this contest between the estate of Celia Greenberg and the estate of his father, Willie Douglas Mosley, and his testimony was objected to as equally within the knowledge of the deceased. David L. Spickler, the executor named in the last will and testament of Celia Greenberg, was residuary legatee, and, instead of the bond prescribed for the executor, he had a right to give a residuary legatee's bond conditioned to pay the debts and legacies of the testator. 3 Comp. Laws 1929, § 15568 (Stat. Ann. § 27.2668). It is said he gave a bond in the sum of $100 only, but whether this was done in pursuance of this statute does not appear. It does not appear what was the financial responsibility of Mosley. Under the statute, an executor, with the approbation of the judge of probate, may compound with any debtor who is unable to pay all his debts and give him a discharge upon receiving a fair and just dividend therefrom. 3 Comp. Laws 1929, § 15663 (Stat. Ann. § 27.2810). It does not appear, because there is no competent testimony, whether Spickler discounted the contract in question or not. The burden of proof is upon claimant to establish his right to recover. It appears that the deed in question was made by David L. Spickler, executor, in pursuance of the land contract, as required by 3 Comp. Laws 1929, § 15673 (Stat. Ann. § 27.2820). Spickler was authorized to

make this deed without any order of the probate court if the amount due upon the contract had been paid. Spickler is presumed to have performed his duty and the deed executed recites there was nothing due upon the contract at the time of the execution of the deed,—that is, that the contract was fully paid. Spickler ought not to be permitted to contradict the recitals of the deed made, executed, acknowledged and delivered by him to Mosley, to disparage the title which he purported to convey to him, and particularly when this is attempted to be done in violation of the statute excluding his testimony as equally within the knowledge of the deceased Mosley. 3 Comp. Laws 1929, § 14219 (Stat. Ann. § 27.914). To permit such testimony would be in violation of the statute and would enable Spickler to impair the title he conveyed and contradict the terms of the written instrument which he executed.

In view of the situation of the record, the lack of competent testimony to overturn this deed, we think the trial court arrived at a correct conclusion and plaintiff herein may not recover against the estate of Willie Douglas Mosley on the claim presented against his estate.

Judgment affirmed, with costs.

WIEST, C. J., and BUTZEL, BUSHNELL, SHARPE, CHANDLER, NORTH, and McALLISTER, JJ., concurred.